

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0773-10

---

**BRANDON GENE RUSHING, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### POLK COUNTY

---

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

The court of appeals held that Rushing's prior sex-offense convictions under the Uniform Code of Military Justice (UCMJ) qualify as "conviction[s] under the laws of another state," thus requiring an automatic life sentence under Texas Penal Code 12.42(c)(2)(B)(v).[1] We agree based on our interpretation of the definition of "state" in Texas Government Code Section 311.005(7). We therefore affirm the court of appeals's judgment.

---

[1] *Rushing v. State*, No. 09-08-00396-CR, 2010 Tex. App. LEXIS 4120, at *8-11 (Tex. App.—Beaumont May 26, 2010) (not designated for publication).

## Background

A jury convicted Rushing of the first degree felony offense of aggravated sexual assault of a child, committed in 2006, in addition to other sex offenses. At the punishment phase, the State sought an automatic-life enhanced sentence under Penal Code Section 12.42(c)(2)(B)(v) using Rushing's prior court-martial convictions under the UCMJ for carnal knowledge and indecent acts with a child under sixteen. Penal Code Section 12.42(c)(2)(B)(v) provides, in relevant part, that if it is shown that the defendant, convicted of aggravated sexual assault, has previously been convicted "under the laws of another state containing elements that are substantially similar to the elements" of indecency with a child, sexual assault, aggravated sexual assault, or other enumerated offenses, the defendant shall be sentenced to life imprisonment.[2] The jury found the enhancement allegations to be true and sentenced Rushing to life imprisonment.

In the court of appeals, Rushing argued, among other things, that his sentence is unauthorized.[3] Rushing alleged that his prior UCMJ convictions could not be used to enhance his sentence under Penal Code Section 12.42(c)(2)(B)(v) because they do not constitute convictions under "the laws of another state."[4] In determining whether Rushing's UCMJ convictions could be used for enhancement purposes under Section 12.42(c)(2)(B)(v),

---

[2] TEX. PENAL CODE ANN. § 12.42 (c)(2)(B)(v) (Vernon Supp. 2006); *see generally Prudholm v. State*, 333 S.W.3d 590, 592 (Tex. Crim. App. 2011).

[3] *Rushing*, 2010 Tex. App. LEXIS 4120, at *8.

[4] *Id.* at *9.

the court of appeals applied the definition of "state" in Government Code Section 311.005(7). Section 311.005(7) provides the following definition: "'State,' when referring to part of the United States, includes any state, district, commonwealth, territory, and insular possession of the United States and any area subject to the legislative authority of the United States of America."[5] The court held that, because the "UCMJ is subject to the legislative authority of the United States," Rushing's sentence was not unlawfully enhanced.[6]

Rushing filed a petition for discretionary review, and we granted it to examine the propriety of the court of appeals's holding.

**Analysis**

We must determine what "under the laws of another state" in Penal Code Section 12.42(c)(2)(B)(v) encompasses. Generally, when interpreting a statute "we seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation."[7] In doing so, "we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment."[8] "We focus on the literal text also because the text is the only definitive evidence of what the legislators had in mind when the statute was enacted into law."[9] To determine the plain meaning of a

---

[5] TEX. GOV'T CODE ANN. § 311.005(7) (Vernon 2005).

[6] *Rushing*, 2010 Tex. App. LEXIS 4120, at *9-11.

[7] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[8] *Id.*

[9] *Id.*

statute, we apply canons of construction relating to the text.[10]

The Penal Code does not contain a definition of "state," but Penal Code Section 1.05(b) states that, unless a different construction of the Penal Code is required by a statute's context, Section 311.011 of the Government Code Construction Act applies when construing the Penal Code.[11]  Government Code Section 311.011(b) states, "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."[12]  In turn, Section 311.005(7) of the Act provides the legislative definition of state: "'State,' when referring to part of the United States, includes any state, district, commonwealth, territory, and insular possession of the United States and any area subject to the legislative authority of the United States of America." Considering the word "state" in Penal Code Section 12.42(c)(2)(B)(v), we discern nothing from its context that requires us to disregard the Code Construction Act definition of "state."[13]  This is not an instance in which we must discern the meaning of "state" based on how it is defined or used in other similar statutes.

---

[10]  *Id.* & n.3.

[11]  TEX. PENAL CODE ANN. § 1.05(b) (Vernon 2011), *last amended by* Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994.

[12]  TEX. GOV'T CODE ANN. 311.011(b) (Vernon 2005).

[13]  *See, e.g.*, *State v. Vasilas*, 187 S.W.3d 486, 489 (Tex. Crim. App. 2006) (applying the Code Construction Act's definition of "includes" and "including"); *Grunsfeld v. State*, 843 S.W.2d 521, 524 (Tex. Crim. App. 1992), *superseded by statute*, Acts 1993, 73rd Leg., ch. 900, § 5.05, eff. Sept. 1, 1994, *as recognized in Lopez v. State*, 253 S.W.3d 680, 686 & n.28 (Tex. Crim. App. 2008).

In examining Section 311.005(7)'s definition of "state," our focus is on the meaning of "any area subject to the legislative authority of the United States." "Area" in this context refers to a physical location that is governed by the laws of the United States. It may be argued that what constitutes "any area" is limited by the definition's introductory phrase "when referring to a part of the United States." Thus, "any area" would mean "a part." And because "a part" is only a portion of the whole, the phrase excludes the entire United States. But the introductory phrase—"when referring to a part of the United States"—is only a means to identify which statutes that the definition may be applied to in defining "state." The introductory phrase refers to any statute with the word "state" when "state" refers to "a part of the United States." "Part" does not modify "any area subject to the legislative authority of the United States." So when applied here, the phrase refers to Section 12.42(c)(2)(B)(v)'s "state." Finally, considering the converse view, if a statute contains the word "state" but, because of the specific context in which it appears, the statute does not refer to "a part of the United States," then Government Code Section 311.005(7)'s definition is not applicable. For instance, "state" can refer to the prosecuting entity.[14]

"State" in Penal Code Section 12.42(c)(2)(B)(v) refers to a part of the United States. Therefore, under Government Code Section 311.005(7), the meaning of "state" in Penal

---

[14] *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 26.13(I), 39.14(a) (Vernon Supp. 2010).

Code Section 12.42(c)(2)(B)(v) "includes"[15]: (1) "any state, district, commonwealth, territory, and insular possession of the United States" and (2) "any area subject to the legislative authority of the United States." The places listed in the first clause include any geographical location that is a part of the United States.

The second clause is separated from the first by an "and," which signifies a transition to a different category of places than those listed the first clause. In the second clause, intended to be a catchall, "any area," a generally broad phrase, is limited only by the terms "subject to the legislative authority of the United States." Thus, the second clause includes any physical location, in or outside of the continental United States, that "is subject to the legislative authority of the United States." All areas (except perhaps some Native-American tribal territories) of the United States are governed by Congress, including but not limited to, the continental limits of the United States.[16] The UCMJ is enacted by Congress[17] and "applies in all places."[18] "Each armed forces has court-marital jurisdiction over all persons

---

[15] *See* TEX. GOV'T CODE ANN. § 311.005(13) ("'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded.").

[16] *See generally*, 10 U.S.C.A. § 802 (West 2010).

[17] U.S. CONST. art. I, § 8, cl. 14 (courts-martial are formed under Article I of the Constitution, which gives Congress the power to "make rules for the Government and Regulation of the land and naval Forces."); *Solorio v. United States*, 483 U.S. 435, 438 (1987) ("Congress has empowered courts-martial to try servicemen for the crimes proscribed by the U. C. M. J. . . .").

[18] 10 U.S.C.A. § 805 (West 2010) (defining UCMJ's territorial applicability).

subject to [the UCMJ]."[19] Regardless of geographic location, a serviceperson subject to the UCMJ is deemed to be on United States soil for purposes of the UCMJ. A serviceperson, therefore, is in an area "subject to the legislative authority of the United States" under Section 311.005(7) in any geographical location in the world when the UCMJ is applied. As a result, we conclude that convictions "under the laws of another state" in Penal Code Section 12.42(c)(2)(B)(v) includes prior convictions under the UCMJ. We also note that our reading of Section 311.005(7) does not lead to an absurd result because it would be nonsensical to exclude all congressional statutes from the definition's scope.

That the other codes (outside the Penal Code) contain similar, yet distinct and more specific provisions does not mean that Government Code Section 311.005(7) should not be applied to Penal Code Section 12.42(c)(2)(B)(v). Rushing claims that "state" cannot include the UCMJ because similar statutes in other Texas Codes explicitly include the UCMJ, among other categories of laws, in addition to "state." For example, Texas's sex-offender registration statute, Chapter 62 of the Code of Criminal Procedure, states that a "reportable conviction or adjudication" includes, in part:

> (H) a violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), (D), (E), (G), (J), or (K), but not if the violation results in a deferred adjudication;

> (I) the second violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the

---

[19] 10 U.S.C.A. § 817(a) (West 2010).

violation of an offense containing elements that are substantially similar to the elements of the offense of indecent exposure, but not if the second violation results in a deferred adjudication; . . . .[20]

The other Texas provisions upon which Rushing relies include: Code of Criminal Procedure Article 62.054, another provision of the sex-offender statute that is titled "Circumstances Requiring Notice to Superintendent or School Administrator"[21]; Family Code Section 161.001, titled "Involuntary Termination of Parent-Child Relationship"[22]; Health and Safety Code Section 250.006, titled "Convictions Barring Employment"[23]; Health and Safety Code Section 841.002, which provides definitions for Chapter 841 governing civil commitments of sexually violent predators[24]; and Occupations Code Section 301.4535, which addresses the circumstances under which a nursing license can be suspended or refused.[25]

The definition of "state" was included in the original enactment of the Code

---

[20] TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(H), (I) (Vernon Supp. 2010).

[21] TEX. CODE CRIM. PROC. ANN. art. 62.054(b) (Vernon 2005) (pertinent language included when enacted by Acts 2003, 78th Leg., ch. 347, § 6, eff. Sept. 1, 2003).

[22] TEX. FAM. CODE ANN. § 161.001(1)(T) (Vernon Supp. 2010) (pertinent language added by Acts 2005, 79th Leg., ch. 508, § 2, eff. Sept. 1, 2005).

[23] TEXAS HEALTH & SAFETY CODE ANN. § 250.006(a)(24), (c)(2) (Vernon 2010) (pertinent language added by Acts 77th Leg., ch. 1025, § 6, eff. Sept. 1, 2001; Acts 77th Leg., ch. 1267, § 5, eff. Sept. 1, 2001; Acts 78th Leg., ch. 911, § 2, eff. June 20, 2003).

[24] TEXAS HEALTH & SAFETY CODE ANN. § 841.002 (Vernon 2010) (pertinent language added to the definition of "sexually violent offense by Acts 1999, 76th Leg., ch. 1188, § 4, eff. Sept. 1, 1999).

[25] TEX. OCC. CODE ANN. § 301.4535 (Vernon Supp. 2010) (pertinent language added by Acts 2005, 79th Leg., ch. 1058, § 4, eff. Sept. 1, 2005).

Construction Act in 1976.[26]  According to the plain words of the 1976 Legislature, the Act applies to "each code enacted by the 60th or subsequent Legislature" and "each amendment, repeal, revision, and reenactment of a code or provision thereof . . . enacted by the 60th or subsequent Legislature."[27]  When the Code Construction Act was recodified in the Government Code, the definition of "state" in Section 311.005(7) remained the same.[28]  This is the definition that applies in interpreting the meaning of Penal Code Section 12.42(c)(2)(B)(v), which the 75th Legislature added to Section 12.42 in 1997.[29]  It would be absurd to say that Section 311.005(7)'s definition of "state" does not apply because the particular later-enacted provisions in other codes cited by Rushing contain more specific terms.  These subsequently enacted statutes do not control our interpretation of the definition of "state" in Section 311.005(7).

## Conclusion

According to our construction of the definition of "state" in Texas Government Code Section 311.005(7), Rushing's sentence was properly enhanced to life imprisonment under Texas Penal Code Section 12.42(c)(2)(B)(v) with his prior UCMJ sex-offense convictions.

---

[26]  Enacted by Acts 1967, 60th Leg., ch. 455, § 1, eff. Sept. 1, 1967.

[27]  *Id.*; *see also* TEX. GOV'T CODE ANN. § 311.002 (Vernon 2005).  *But see* TEX. INS. CODE ANN. §§ 424.002, 425.102 (Vernon 2009) (stating that Government Code Section 311.005(7)'s definition of "state" does not apply to Chapter 424 or subchapter C of Chapter 425 of the Insurance Code).

[28]  Enacted by Acts 1985, 69th Leg., ch. 479, § 1, eff. Sept. 1, 1985.

[29]  Acts 1997, 75th Leg., ch. 665, § 1, eff. Sept. 1, 1997.

Therefore, as correctly determined by the court of appeals, Rushing's prior UCMJ convictions constitute "conviction[s] under the laws of another state" for purposes of Section 12.42(c)(2)(B)(v).  The court of appeals's judgment is affirmed.

DATE DELIVERED: October 5, 2011
PUBLISH