Opinion by: Patricia O. Alvarez, Justice
A Bexar County jury convicted Appellant Walter Fisk on three counts of indecency with a child. See Act of May 18, 2009, 81st Leg., R.S., ch. 260, § 1, 2009 Tex. Gen. Laws 710, 711 (amended 2017) (current version at TEX. PENAL CODE § 21.11 ). The trial court found Fisk's prior conviction true, thereby elevating the punishment range from second-degree felony to habitual offender. See TEX. PENAL CODE ANN. § 12.42(c)(2) (West Supp. 2016).[1] Fisk was assessed three life sentences in the Institutional Division of the Texas Department of Criminal Justice.
On appeal, Fisk contends (1) the evidence is legally insufficient to prove he is the same person convicted of sodomy pursuant to a former version of Article 125 of the Uniform Code of Military Justice (UCMJ), see 10 U.S.C. § 925 (2000) (current version), and (2) the UCMJ sodomy offense contains elements that are not "substantially similar" to the elements of sexual assault under section 22.011 of the Texas Penal Code, see *767 TEX. PENAL CODE ANN. § 22.011. Because we conclude the elements of UCMJ Article 125 sodomy and Texas Penal Code section 22.011 sexual assault are not substantially similar, we reverse the trial court's imposition of three life sentences and remand this matter for a new sentencing hearing.
PROCEDURAL BACKGROUND
This is Fisk's second appeal from the trial court's imposition of life sentences imposed pursuant to section 12.42(c)(2) of the Texas Penal Code. See id. § 12.42(c)(2). Section 12.42(c)(2) mandates a life sentence if the defendant (1) is convicted of certain sex offenses enumerated in Subsection (A); and (2) has a prior conviction for a sex offense in violation of one of the Texas Penal Code provisions enumerated in subsection (B). Id. Subsection (B) further provides the prior conviction "under the laws of another state" may satisfy the second requirement of section 12.42(c)(2) if the offense "contain[s] elements that are substantially similar to the elements" of one of the Texas Penal Code provisions enumerated in subsection (B). See id. § 12.42(c)(2)(B)(v).
A. Fisk's First Trial and Sentencing Hearing
A Bexar County jury returned a guilty verdict against Fisk for multiple counts of indecency with a child by contact. See id. § 21.11. Pursuant to Fisk's pretrial election, the case proceeded to punishment before the trial court. Section 22.011 is one of the statutory provisions enumerated under subsection (A) of Penal Code 12.42. See id. § 12.42(c)(2)(A). Several months before trial, the State filed a notice of intent to use prior court-martial convictions for punishment enhancement purposes.
At the punishment hearing, the trial court admitted into evidence Fisk's 1990 court-martial convictions, charged under earlier versions of two Articles of the UCMJ. The first was Article 125 of the former UCMJ. See U.S.C. § 925(a) (1982).[2] The relevant provisions of Article 125 generally prohibited sodomy, which included bestiality and certain consensual sex acts between adults, but also contained enhancements for forcible sodomy and sodomy with a child under the age of sixteen years. The second Article, under which Fisk had several prior convictions, was Article 134 of the former UCMJ. See id. § 934 (1982). The relevant provisions of Article 134 prohibited "[i]ndecent acts or liberties with a child" under the age of sixteen years.[3]
The trial court found the elements of Article 134's prohibition of indecent acts and liberties with a child were substantially similar to the elements of one of the Texas offenses enumerated in Subsection (B) of Texas Penal Code section 12.42(c)(2), specifically indecency with a child under Texas Penal Code section 21.11. See id. §§ 12.42(c)(2)(A)(i), 21.11(a)(1). Concluding the State's evidence relating to Fisk's prior Article 134 court-martial conviction satisfied subsections (A) and (B), the trial court imposed three statutorily mandated life sentences. See id. § 12.42(c)(2)(1). Importantly, the State did not ask for a finding, and the *768 trial court did not consider, whether the elements of sodomy under Article 125 were substantially similar to one of the offenses enumerated in section 12.42(c)(2)(B). See id. § 12.42(c)(2)(B).
On appeal, Fisk argued the elements of indecent acts and liberties with a child under Article 134 were not substantially similar to the elements of indecency with a child under Texas Penal Code section 21.11. Compare MANUAL FOR COURTS-MARTIAL , UNITED STATES pt. IV, ¶ 87 (1982) (hereinafter MCM) ("Indecent acts or liberties with a child") with TEX. PENAL CODE ANN. § 22.11(a) ("Indecency With a Child"). In determining whether the offenses were substantially similar, we applied the tests set forth in Anderson v. State , 394 S.W.3d 531 (Tex. Crim. App. 2013), and Prudholm v. State , 333 S.W.3d 590 (Tex. Crim. App. 2011).
In our analysis, we concluded the statutes were designed to protect against similar dangers-the safety and well-being of children. See Fisk v. State (Fisk I) , 510 S.W.3d 165, 180-81 (Tex. App.-San Antonio 2016, no pet.) ; see also Anderson , 394 S.W.3d at 536, 539-40. Additionally, although the punishment ranges reflect some similarities, they are not substantially similar. See Fisk I , 510 S.W.3d at 181 ; see also Anderson , 394 S.W.3d at 537. Most importantly, however, this court concluded the offenses did not "display a high degree of likeness." See Fisk I , 510 S.W.3d at 180. The Article 134 offenses, specifically those delineated in paragraph 87, encompassed "much broader" conduct and "potentially criminaliz[ed] a significant amount of conduct that is lawful in Texas." Id. "Although both laws [sought] to criminalize sexual acts against children, the penalties for each offense [were] not substantially similar. After considering each of the factors, we conclude[d] the trial court erred in finding that Fisk's prior court-martial[ ] convictions were substantially similar to the Texas indecency-with-a-child offense." Id. at 181. Fisk's convictions were affirmed, the sentences were reversed, and the matter was remanded to the trial court for a new sentencing hearing. Id.
B. Second Punishment Hearing
At the resentencing hearing, the State argued Fisk's sodomy conviction under Article 125, irrespective of Article 134, required mandatory life sentences under section 12.42(c)(2). See TEX. PENAL CODE ANN. § 12.42(c)(2). The trial court agreed with the State and made findings of fact and conclusions of law. The trial court concluded the elements of sodomy under the former version of UCMJ Article 125 were substantially similar to sexual assault under section 22.011 of the Texas Penal Code. See TEX. PENAL CODE ANN. § 22.011. Under Texas Penal Code section 12.42(c)(2), the trial court again imposed a life sentence for each of Fisk's convictions for indecency with a child.
In his second appeal, Fisk argues (1) the evidence is insufficient to prove that he is the same individual convicted under the name "Walter Loyal Fisk" in the 1990 court-martial proceedings, and (2) the trial court erred in finding the elements of his sodomy conviction under the former version of Article 125 are substantially similar to sexual assault pursuant to Texas Penal Code section 22.011.
We turn first to Fisk's argument that the State failed to prove he was the same individual previously court-martialed under the name "Walter Loyal Fisk."
PRIOR CONVICTION
A. Standard of Review
When reviewing the sufficiency of the evidence after a bench trial, we apply the same Jackson v. Virginia standard *769 that is applied in an appeal from a jury trial. See Robinson v. State , 466 S.W.3d 166, 173 (Tex. Crim. App. 2015) (citing Jackson v. Virginia , 443 U.S. 307, 309, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ). "We view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Adames v. State , 353 S.W.3d 854, 860 (Tex. Crim. App. 2011) ; accord Gear v. State , 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). "This standard recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence...." Adames , 353 S.W.3d at 860 ; accord Gear , 340 S.W.3d at 746. The reviewing court must also give deference to the factfinder's ability " 'to draw reasonable inferences from basic facts to ultimate facts.' " Hooper v. State , 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting Jackson , 443 U.S. at 319, 99 S.Ct. 2781 ). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." Id. (citing Johnson v. State , 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) ). "[D]irect evidence and circumstantial evidence are equally probative." Tate v. State , 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) ; accord Hooper , 214 S.W.3d at 13.
B. Arguments of the Parties
Fisk argues there is legally insufficient evidence showing he was the individual convicted in the 1990 sodomy court-martial conviction that the State presented and the trial court admitted. The State maintains the evidence is sufficient.
C. Proof Necessary for Prior Conviction
To prove a defendant has a prior conviction, "the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." Flowers v. State , 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) ; accord Prihoda v. State , 352 S.W.3d 796, 807 (Tex. App.-San Antonio 2011, pet. ref'd). "No specific document or mode of proof is required to prove these two elements." Flowers , 220 S.W.3d at 921. "Any type of evidence, documentary or testimonial, might suffice," as long as the document "contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." Id. ; see also Garner v. State , 864 S.W.2d 92, 97 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd) ("The State may prove a prior conviction by any of several methods, one of which is by the introduction of certified or otherwise properly authenticated copies of the judgment and sentence and records of the Institutional Division of the Texas Department of Criminal Justice or a county jail that includes fingerprints of the accused, supported by expert testimony identifying the fingerprints of the accused with known prints of the defendant." (footnote omitted)); Ortiz v. State , No. 02-07-00397-CR, 2008 WL 4602243, at *2 (Tex. App.-Fort Worth Oct. 16, 2008, pet. ref'd) (mem. op., not designated for publication) (holding that State sufficiently linked defendant to prior conviction when his fingerprints matched those on jail card, which contained same CID number as that on indictment although judgment did not contain CID number).
D. Proof Adduced before the Trial Court
During the resentencing hearing, the trial court admitted into evidence, without objection, a copy of a "General Court-Martial Order," dated June 25, 1990, which contains a conviction for sodomy *770 with a child under the age of sixteen. The General Court-Martial Order shows "Walter Loyal Fisk" was the defendant in that proceeding. Attached to the General Court-Martial Order is a business records affidavit containing the social security number and birthdate of "Walter Loyal Fisk." The trial court also admitted Fisk's arrest record for the offenses in this case which includes Fisk's social security number and birthdate. Although the arrest record does not contain a middle name, the first name, last name, birthdate, and social security number of Fisk's arrest records in this case are identical to the first name, last name, birthdate, and social security number on both the General Court-Martial Order and the business records affidavit.[4]
Additionally, the Bexar County Sheriff's Office fingerprint examiner testified the fingerprints on the sodomy arrest record matched those of the individual in the courtroom identified as "Walter Fisk." The use of fingerprint analysis is an approved method of proving prior convictions. See Beck v. State , 719 S.W.2d 205, 209-10 (Tex. Crim. App. 1986) ; see also Paschall v. State , 285 S.W.3d 166, 174-75 (Tex. App.-Fort Worth 2009, pet. ref'd) ; Rios v. State , 230 S.W.3d 252, 256 (Tex. App.-Waco 2007, pet. ref'd) (affirming identification evidence sufficient based on expert's testimony comparing pen packet's fingerprints with known fingerprints of defendant and concluding the two sets were the same); Zimmer v. State , 989 S.W.2d 48, 51 (Tex. App.-San Antonio 1998, pet. ref'd).
Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found the essential elements to decide that the Walter Loyal Fisk identified in the 1990 sodomy Court Martial was the same Walter Fisk convicted of the current indecency with a child convictions. See Adames , 353 S.W.3d at 860 ; Prihoda , 352 S.W.3d at 807. Accordingly, the evidence was legally sufficient to show Fisk was the same person previously convicted under Article 125 for sodomy.
We therefore turn to Fisk's argument regarding substantial similarity.
SUBSTANTIAL SIMILARITY
A. Standard of Review
Whether an offense under the laws of another state contains substantially similar elements as one of the Texas Penal Code offenses enumerated in subsection (B) of section 12.42(c)(2) is a question of law. See Anderson , 394 S.W.3d at 534 ; Hardy v. State , 187 S.W.3d 232, 236 (Tex. App.-Texarkana 2006, pet. ref'd). We therefore review a trial court's "substantially similar" conclusion de novo. Fisk I , 510 S.W.3d at 178 (citing Brooks v. State , 357 S.W.3d 777, 786 (Tex. App.-Houston [14th Dist.] 2011, pet. ref'd) ); see also Anderson, 394 S.W.3d at 534.
B. Arguments of the Parties
In his second issue, Fisk argues the trial court erred in concluding the elements of the offenses are "substantially similar" and subsequently imposing life sentences under Texas Penal Code section 12.42(c)(2). See TEX. PENAL CODE ANN. §§ 12.42(c)(2) ; 22.011; 10 U.S.C. § 925 ( Article 125 ). The State argues the trial court correctly determined that the elements were substantially similar as required by subsection (B) of Texas Penal Code section 12.42(c)(2). See TEX. PENAL CODE ANN. § 12.42(c)(2).
*771 C. Two Strikes Policy
The Texas Penal Code provides for enhanced punishments for individuals convicted of first-, second-, or third-degree felony offenses and who have prior non-state-jail felony convictions. See TEX. PENAL CODE ANN. § 12.42. When a defendant is convicted of indecency with a child under Texas Penal Code section 21.11, and has a prior conviction for one of the sex offenses listed in subsection (B) of Texas Penal Code section 12.42(c)(2), the trial court must impose a life sentence. Id. § 12.42(c)(2). Also known as the "two-strikes policy" for repeat sex offenders in Texas, section 12.42(c)(2)" 'embod[ies] the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders.' " Anderson , 394 S.W.3d at 535 (quoting Prudholm , 333 S.W.3d at 592 ). "The legislature also mandated the automatic 'two strikes' enhancement to life imprisonment if the 'defendant has previously been convicted of an offense ... under the laws of another state containing elements that are substantially similar to the elements of an [enumerated Texas] offense.' " Id. (alterations in original) (quoting TEX. PENAL CODE ANN. § 12.42(c)(2) ); see TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v).
This court must therefore determine whether the State met its burden regarding each requirement under section12.42(c)(2).
1. Section 12.42(c)(2)(A) -Current Conviction
It is undisputed that, in the present case, Fisk was convicted of three counts of indecency with a child in satisfaction of subsection (A). See id. § 12.42(c)(2)(A).
2. Section 12.42(c)(2)(B) -Substantially Similar
Subsection (B) is satisfied if Fisk's prior conviction for sodomy under former UCMJ Article 125 is substantially similar to one of the Texas offenses enumerated in Subsection (B). Subsection (B) requires the out-of-state offense to be under "the laws of another state containing elements that are substantially similar to the elements" of one of the enumerated Texas offenses. Id. § 12.42(c)(2)(B)(v).
In Rushing v. State , 353 S.W.3d 863, 867-68 (Tex. Crim. App. 2011), the Court of Criminal Appeals held the United States is "another state," and the laws of the United States, including the UCMJ, are the "laws of another state." Thus, a prior court-martial conviction under the UCMJ counts as a "strike" under section 12.42(c)(2)if the elements of the former UCMJ offense are substantially similar to the elements of a Texas Penal Code provision enumerated in subsection (B). See ids="7319184" index="61" url="https://cite.case.law/sw3d/353/863/#p867">id. (emphasis added).
The trial court concluded the elements of sodomy under Article 125 were substantially similar to the elements of sexual assault under Texas Penal Code section 22.011, and imposed automatic life sentences on Fisk. Sexual assault under Texas Penal Code section 22.011 is one of the provisions enumerated in subsection (B). TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(ii).
D. The "Substantial Similarity" Test
"Courts engage in a two-prong analysis when determining if an out-of-state sexual offense contains 'substantially similar' elements to a listed Texas sexual offense." Fisk I , 510 S.W.3d at 176 (citing Anderson , 394 S.W.3d at 534 ). "No single factor in the analysis is dispositive," and "a court must weigh all factors" before determining whether "the out-of-state [sexual] offense truly is 'substantially similar' to those serious Texas sex offenses that call for an automatic life-imprisonment enhancement." Anderson , 394 S.W.3d at 537.
*772 1. First Prong: High Degree of Likeness
Under the first prong, the elements "must display a high degree of likeness," but " 'may be less than identical' and need not parallel one another precisely." Id. at 535 (quoting Prudholm , 333 S.W.3d at 594 ). "It is not essential that a person who is guilty of an out-of-state sexual offense would necessarily be guilty of a Texas sexual offense as there is no requirement of a total overlap, but the out-of-state offense cannot be markedly broader than or distinct from the Texas prohibited conduct." Id. at 535-36. The focus of the inquiry "is on the elements of the offense, not the specific conduct that was alleged." Id. at 536 ; see also Prudholm , 333 S.W.3d at 592 n.9.
2. Second Prong: Protection of Individual or Public Interests
Under the second prong of the analysis, the "elements must be substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offenses." Prudholm , 333 S.W.3d at 595. "This is itself a two-step analysis. Courts must first determine if there is a 'similar danger to society' that the statute is trying to prevent. The court must then determine if the class, degree, and punishment range of the two offenses are substantially similar." Anderson , 394 S.W.3d at 536 (footnotes omitted) (quoting Prudholm , 333 S.W.3d at 595 n.21 ).
We therefore turn to whether the elements set forth in Texas Penal Code section 22.011 are substantially similar to the elements of Article 125 under which Fisk was convicted.
E. Elements of the Statutes in Question
1. Section 22.011 of the Texas Penal Code
The relevant provisions of section 22.011 of the Texas Penal Code, "Sexual Assault," under which Fisk was convicted provide as follows:
(a) A person commits an offense if the person:
(1) intentionally or knowingly:
(A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;
(B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or
(C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or
(2) intentionally or knowingly:
(A) causes the penetration of the anus or sexual organ of a child by any means;
(B) causes the penetration of the mouth of a child by the sexual organ of the actor;
(C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
(D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
(E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.
Act of May 18, 2009, 81st Leg., R.S., ch. 260, §§ 3-4, 2009 Tex. Gen. Laws 710, 711 *773 (amended 2017) (current version at TEX. PENAL CODE ANN. § 22.011(a) ).[5] Subsection (b), not listed, identifies eleven alternative circumstances under which a sexual assault under Subsection (a)(1) "is without the consent of the other person." Id. § 22.011(b). Subsection (c), not listed, contains definitions of words used in the section, including the word "Child," which "means a person younger than 17 years of age." Id. § 22.011(c). Subsections (d) and (e), not listed, contain defenses to prosecution under Subsection (a)(2). Id. § 22.011(d), (e). Subsection (f) provides as follows:
(f) An offense under this section is a felony of the second degree, except that an offense under this section is a felony of the first degree if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01.
Id. § 22.011(f).
2. Former UCMJ Article 125[6]
The 1984 Manual for Courts-Martial included Article 125-Sodomy, and its relevant portions read as follows:
a. Text.
"(a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense.
(b) Any person found guilty of sodomy shall be punished as a court-martial may direct."
b. Elements.
(1) That the accused engaged in unnatural carnal copulation with a certain other person or with an animal.
[Note: Add either or both of the following elements, if applicable]
(2) That the act was done with a child under the age of 16.
(3) That the act was done by force and without the consent of the other person.
c. Explanation. It is unnatural carnal copulation for a person to take into that person's mouth or anus the sexual organ of another person or of an animal; or to place that person's sexual organ in the mouth or anus of another person or of an animal; or to have carnal copulation in any opening of the body, except the sexual parts, with another person; or to have carnal copulation with an animal.
MCM, supra pt. IV, ¶ 51. For a conviction under Article 125-Sodomy, with a child under the age of sixteen years old, the maximum punishment is "[d]ishonorable discharge, forfeiture of all pay and allowances, and confinement for 20 years."[7]
F. Comparison of Section 22.011 and UCMJ Article 125
1. Degree of Likeness of the Offense Elements *774 In its findings of fact and conclusions of law, the trial court concluded the State met its burden of proof regarding the "substantial similarity" test's first prong- Article 125 encompassed the same conduct criminalized by Texas Penal Code section 22.011(a)(2).
The trial court relied on the Anderson Court's conclusion that, although not precise, statutes that prohibit the rape of a child under the age sixteen years significantly overlap with statutes that prohibit the rape of children under the age of seventeen years of age. See Anderson , 394 S.W.3d at 536 n.17 ("For example, if one state's statute sets the age for child rape at 16 while another sets it at 17, the statutory overlap is significant, though not precise."); Prudholm , 333 S.W.3d at 593-94 ("The one-year age difference provides a good example of elements that are substantially similar, but not identical."). We agree. As the trial court correctly noted, we conclude the one-year age difference for qualification of a victim under the statute is not fatal to the State's argument that the statutes are substantially similar.
The trial court also concluded that because "there need not be total overlap between the two statutes," the fact that the two statutes criminalize "other potential scenarios" is "not relevant." We disagree. See Anderson , 394 S.W.3d at 536 n.17 ("[I]f one statute punishes any 'intimate' touching of a child, while a second statute punishes only the touching of the anus or genitals, the statutes are not substantially similar."). Subsection (B) requires something more than a mere similarity between two statutes-the elements being compared "must display a high degree of likeness" and the two statutes must not encompass "a markedly different range of conduct." Prudholm , 333 S.W.3d at 594, 599. In Anderson , 394 S.W.3d at 538, the Court of Criminal Appeals explained a court properly considers conduct that falls within both statutes, but errs by not considering whether the other state's statute covers a wide variety of conduct excluded by the Texas statute.
A plain reading of Article 125 provides distinctively different concerns addressed by the statute. The most obvious of which is that Article 125 prohibits the unnatural carnal copulation with an animal; section 22.011 does not address such conduct. Even assuming this court restricts Article 125 to the facts as plead in the charging instrument-a child under the age of sixteen years, the differences are still significant. Article 125 prohibits certain forms of consensual sex between adults; section 22.011 does not. Article 125 requires penetration, however slight, but specifically excludes genital-to-genital penetration from its purview. Section 22.011 expressly includes sexual contact, as well as genital-to-genital penetration. See Prudholm , 333 S.W.3d at 599 (finding it relevant that the other state's law "specifically excludes" other serious sexual conduct that the Texas statute includes).
Accordingly, although the difference in the victim's age alone is not dispositive, we conclude the statutes criminalize distinctively different conduct and that the State failed to establish that the elements of Article 125 of the former UCMJ and the elements of section 22.011 of the Texas Penal Code share a high degree of likeness.
2. Protection of Individual and Public Interests and Penalty Range
In determining whether the statutes protect individual and public interests, the court considers two distinct requirements. First, whether the "individual or public interests protected" by each statute are substantially similar. Anderson , 394 S.W.3d at 539. Second, whether the "impact *775 of the elements on the seriousness of the offense" is substantially similar. Id. at 540 ; Prudholm , 333 S.W.3d at 595.
a. Individual or Public Interests
In its findings of fact and conclusions of law, the trial court concluded Texas Penal Code section 22.011 and Article 125 protected the same public interests:
"[T]he obvious danger to society that the child-under-16 provision of the sodomy statute and § 2[2].011(a)(2) are trying to prevent is the sexual assault of young children." See Anderson , 394 S.W.3d at 536 (requiring courts to determine whether there is a "similar danger to society" the statutes are trying to prevent).
Both statutes clearly discourage some sexual conduct with children, but the question is whether the individual and public interests are substantially similar. Although Article 125 provides for an enhancement if the victim is under the age of sixteen years, the article's prohibition is the unnatural carnal copulation with a person or animal. See MCM, supra pt. IV, ¶ 51(b), (d)(1), (e)(2). Article 125 expressly did not criminalize a defendant's sexual assault of a child if the sexual assault is by means of genital-to-genital penetration. See id. ¶ 51(a); 10 U.S.C. § 925. Moreover, Article 125's prohibition against sexual assault of a minor child was limited to sodomy; it did not criminalize the sexual assault of a minor child if sodomy was not involved. See MCM, supra pt. IV, ¶ 51(a); 10 U.S.C. § 925.
The "danger to society" Article 125 tried to prevent, like other anti-sodomy laws, was the nonprocreative sexual activity the government deemed unnatural-regardless of whether the nonprocreative sexual activity was between consenting adults. See Lawrence v. Texas , 539 U.S. 558, 568, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) ("[E]arly American sodomy laws were not directed at homosexuals as such but instead sought to prohibit nonprocreative sexual activity more generally...."). The Texas sexual assault statute, on the other hand, is designed to protect against "the severe physical and psychological trauma of rape." See Prudholm , 333 S.W.3d at 599. Viewed as a whole, although there is some overlap, we conclude the statutes seek to prevent different "danger[s] to society" and the interests protected are not substantially similar. See Anderson , 394 S.W.3d at 536.
b. Impact of the Elements on the Seriousness of the Offense
This court must also determine whether the class, degree, and punishment range of the two offenses are substantially similar. Id. Generally, sexual assault under section 22.011 is a felony of the second degree, punishable by confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. See TEX. PENAL CODE ANN. § 22.011(f). The maximum punishment under the former Article 125 for sodomy with a child under the age of sixteen years was a dishonorable discharge, forfeiture or all pay and allowances, and confinement for twenty years. See MCM, supra pt. IV, ¶ 51(e)(2). We cannot conclude the punishment ranges are significantly different in class, degree, and punishment.
CONCLUSION
No single factor in our analysis stands alone; we are called upon to weigh each and every factor in making a determination regarding whether the offenses are substantially similar. See Anderson , 394 S.W.3d at 537. After considering each of the factors, we conclude the elements of *776 the two statutes, the former Article 125 of the UCMJ and section 22.011 of the Texas Penal Code, are not substantially similar. While the punishments are extremely similar, the elements and the interests protected by the two statutes are not. Article 125 was designed to protect against a certain type of sexual activity-penetration of the mouth or anus by the sexual organ of another-regardless of whether that activity was between consenting adults, between adults and children, or between persons and animals. See MCM, supra pt. IV, ¶ 51(a), (c). Section 22.011 sets out protections against nonconsensual contact or penetration of the mouth, anus, or sexual organ of an adult or any sexual acts against children. See TEX. PENAL CODE ANN. § 22.011.
We, therefore, conclude the trial court erred in finding that Fisk's prior sodomy court-martial convictions under Article 125 were substantially similar to sexual assault pursuant to Texas Penal Code section 22.011. Accordingly, we reverse the trial court's judgments as to punishment and remand this matter to the trial court for a new sentencing hearing.

Fisk's charged offenses were in February 2013 and February 2014. Section 12.42 of the Penal Code was amended between the dates of Fisk's offenses, but the effects of the amendments are not at issue here. See Act of May 2, 2013, 83d Leg., ch. 161, § 16.003, 2013 Tex. Gen. Laws 622, 679 (effective Sept. 1, 2013); Act of May 21, 2013, 83d Leg., ch. 663, §§ 7-9, 2013 Tex. Gen. Laws 1751, 1753 (effective Sept. 1, 2013); Act of May 20, 2013, 83d Leg., ch. 1323, § 11, 2013 Tex. Gen. Laws 3506, 3512 (effective Dec. 1, 2013) (current version at Tex. Penal Code 12.42 ). For ease of readability, we will cite to the Texas Penal Code rather than to the then-current session law.

10 U.S.C. § 925(a) (2000) provides as follows:
Forcible sodomy.-Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex by unlawful force or without the consent of the other person is guilty of forcible sodomy and shall be punished as a court-martial may direct.

The "Indecent acts or liberties with a child" provision of Article 134 was deleted in 2007. Exec. Order No. 13,447, 72 Fed. Reg. 56,179, 56,237 (Oct. 2, 2007).

We note that the arrest record does not contain Fisk's middle name, but the trial court proceedings in this case are styled "Walter Loyal Fisk."

The version of Penal Code section 22.011 in effect on the dates of Fisk's Texas offenses is available on the Internet. See Texas Constitution and Statutes, Statues by Date, http://www.statutes.legis.state.tx.us/StatutesByDate.aspx.

The trial court took judicial notice of the 1984 Manual for Courts-Martial , Part IV. Exec. Order No. 12,473, 49 Fed. Reg. 17,152 (Apr. 13, 1984) ; see also Exec. Order No. 12,484, 49 Fed. Reg. 28,825 (Jul. 13, 1984) (making stylistic changes to ¶ 51).

During the resentencing hearing, Jacquelyn Christilles testified for the State as an expert in military law and opined that the elements of former Article 125-Sodomy are similar to section 22.011 sexual assault under the Texas Penal Code.