# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1859.

---

### JOHN A. REDFIELD v. THE STATE.

An indictment for false imprisonment, which does not aver the detention to have been without lawful authority, is defective; and the conclusion "contrary to the form of the statute, in such case made and provided," does not cure the defect.

Where a defendant has been convicted on an indictment that is fatally defective, if a new indictment for the same offence, found after the reversal of the judgment of conviction, would be barred, this court will dismiss the cause.

APPEAL from Bastrop. Tried below before the Hon. Thomas J. Devine.

This was an indictment against John A. Redfield, for false imprisonment. It charged that the defendant " on the first day of September, Anno Domini, one thousand eight hundred and fifty-seven, did wilfully detain one John C. Cunningham, against his consent, contrary to the form of the statute, and against the peace and dignity of the State."

On the trial, the court charged the jury, that if they believed the defendant guilty, as charged in the indictment, they should assess the punishment, " at a fine not exceeding five hundred dollars, *and* imprisonment in the county jail, not exceeding one year." The jury found the defendant guilty, and assessed the fine at six and a quarter cents, and imprisonment in the county

jail for six months; and judgment was rendered in accordance with the verdict.

The defendant filed a motion to arrest the judgment, on the grounds, that there was no offence known to the law, charged in the indictment; and that the indictment did not negative the idea, that the detention complained of was authorized by law. The motion was overruled, whereupon the defendant appealed, and assigned for error the charge of the court, and the overruling of the motion in arrest of judgment.

*Hamilton & Sublett*, for the appellant.

*Attorney-General*, for the appellee.

ROBERTS, J.—There was error in the charge of the court, in requiring the jury, if they found the defendant guilty of false imprisonment, to inflict the punishment of both fine *and* imprisonment. The code leaves it discretionary with the jury, whether they will impose the imprisonment or not. (O. & W., Penal Code, Art. 513.) The small amount of the fine imposed, may suggest the inference that the jury would have inflicted the same punishment under a correct charge. Such an inference, however, is not a proper basis for the action of this court in such a case.

The court erred in refusing to arrest the judgment. The indictment was defective in not alleging the detention to have been without lawful authority. By the Code, "false imprisonment is the wilful detention of another against his consent, and when it is not expressly authorized by law." (O. & W., Art. 508.) The legality of the detention must be negatived. It was so at common law. (Whart. Prec. 124.) The words used in the indictment, "contrary to the form of the statute in such case made and provided," are merely formal, and were originally intended to indicate that the offence described, is statutory, and does not constitute a part of the description of the offence. Nor is it believed to be an appropriate expression, to negative the legal authority of the detention.

More than two years having elapsed, since the finding of the indictment, the prosecution is barred. (O & W., Art. 186.) Therefore, the judgment will be reversed, and the cause dismissed.

Reversed and dismissed.