## DAVE CARR v. THE STATE.

### No. 1435.   Decided October 28th, 1896.

**1.   Rape—Limitation.**

In order to prosecute for rape, the indictment must be presented within one year from the date of the offense.   But, when the indictment has been presented within a year, the cause may be continued from time to time (as was done in this case) without creating grounds for interposing the question of limitation.   Limitation only applies where the indictment itself has not been returned within the time prescribed by the statute.

**2.   Continuance.**

A continuance will not be granted where an absolute want of diligence to procure the witness is manifest; nor will it be granted on motion for new trial or on appeal where, when viewed in the light of the evidence adduced, it is either manifest that the witness would not testify to the facts stated, or that, if he so testified, they were not probably true.

**3.   Amendment of Judgment—Verdicts.**

The court has control of its judgments until the adjournment for the term.   Verdicts may also be amended, under direction of the court, with consent of the jury. And, where, after amending a verdict, the jury were polled and assented to the amendment, a judgment which failed to state such fact could be properly amended so as to show that the jury was polled.

APPEAL from the District Court of Upshur.   Tried below before Hon. FELIX J. McCORD.

Appeal from a conviction for rape; penalty, five years' imprisonment in the penitentiary.

The record indicates, that the parties to the transaction were negroes. Dave Carr, the appellant, was a grown man and a first cousin of Alice Carr, the prosecutrix, whose age was between ten and eleven years, according to the testimony of the physician who delivered the mother at the time of her birth.   This physician also examined the girl just after the alleged crime, and testifies that she had been ravished.   Her private parts were badly bruised and torn, and he had to stitch them up.   She was in bed several days from the effects of the outrage.   Dave Carr had recently after said rape been confined in the penitentiary, where he served a term for hog stealing.   The girl complained of the outrage to her mother, as soon as she could after it was committed; and her mother describes her condition as showing unmistakable evidences of the crime. It will be noted that the penalty assessed by the verdict was five years in the penitentiary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of rape upon a girl under 12 years of age (that being the charge in the indictment), and given a term of five years in the penitentiary, and prosecutes this appeal.   When the case was called for trial, appellant filed a plea of limitation to the action, setting up that the "indictment charged the offense to have been committed on the 17th of July, 1892; that he was arrested during the same month, and bound over to await the action of the grand jury.   At

the fall term of the court, to-wit: January 3d, they returned the indict-
ment herein against him, charging him with said crime of rape; and that
in said month of January, 1893, defendant was arrested, and entered
into a recognizance for his, appearance before the District Court of
Upshur County; and that no order was made in said cause thereafter,
and the defendant has forfeited no bond.   Wherefore he says this pros-
ecution should be dismissed, because said offense is barred, in that he
has not been prosecuted within the time prescribed by law, and that no
order continuing the cause has been entered upon the court docket." In
signing the bill of exceptions reserved by the appellant to the action of
the court in overruling this plea; the District Judge says:   "That the
case was set down for trial at the June term, 1893, and the venire or-
dered, but the cause was continued until the January term, 1894, at which
time it was continued generally; that at that term of the court the de-
fendant was convicted of theft in another case, and sent to the peniten-
tiary for two years, and that orders were made at every subsequent
term of court, but two, 'Continued, because defendant in the peniten-
tiary'; that this was the first term after the defendant was released from
the penitentiary."   The court correctly overruled the plea of limitation.
Limitation does not apply when the facts are as stated, and only applies
when the indictment has not been returned within the time specified in
the statute.   In order to prosecute for the crime of rape, the indictment
must be presented within one year from the time the offense is com-
mitted.   When the indictment is once presented into court, the cause
may be continued from time to time indefinitely, without interposing
the question of limitation.   As stated in the plea itself, the offense was
committed on the 17th day of July, 1892, and the indictment was re-
turned the following January, 1893, clearly within a year as specified in
the statute.   There is no merit in the contention of the appellant.   Ap-
pellant applied for a continuance of the cause for the testimony of Louis
Carr, father of the prosecutrix, by whom he expected to prove that the
prosecutrix was over the age of 12 years at the time of the commission
of the alleged rape.   Viewed in the light of the testimony adduced on
the trial, we are of the opinion that the said witness would not have
testified to the facts stated, but, if he should have so testified, they were
not probably true.   We may say, in passing, that there was absolutely
no diligence to secure the testimony of the absent witness.   He is alleged
to have resided in the county of Upshur, and there had been no process
issued for him since the 4th day of January, 1893, and this trial
occurred on the 10th day of June, 1896.   Upon overruling the applica-
tion for a continuance, the judge ordered an attachment to issue for the
absent witness, and he was not found in the county.   There was no
error in overruling the application for continuance.   A bill of excep-
tions was reserved to the action of the court in receiving the verdict and
entering judgment thereon.   Without going into a discussion of the
matter, we find no error in it.   The court has the right, under the stat-
ute, to see that verdicts are properly returned, and they may be amended

under his direction, with the consent of the jury, so as to be formal. There is no question of the fact that the court in this case complied with the law in this respect. When the verdict was amended, the court polled the jury, in order to ascertain if they agreed to the verdict as amended. Each one of the jurors answered in the affirmative. In entering the judgment, the clerk omitted to state this fact in the judgment. Before a motion in arrest of judgment was made, the court certifies he ordered the clerk to re-enter the judgment so as to make it show that the jury was polled. This he had a right to do, as the court has control of its judgments until the adjournment for the term. The evidence in the case amply supports the judgment. There being no error in the record, the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.