Fred C. VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 54842 and 54843.

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

Gerald H. Goldstein and George Whitfield Baugh, San Antonio, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission these appeals were affirmed in a per curiam opinion which is now withdrawn. In that opinion it was noted that no briefs were filed in the trial court in behalf of the appellant as required by Article 40.09, § 9, Vernon's Ann.C.C.P., and there being no question of indigency.

With his motions for rehearing, appellant's counsel submitted briefs and agreed that the briefs had not been timely filed but requested the court to consider them "in the interest of justice," the sole ground found in each brief. See Article 40.09, § 13, Vernon's Ann.C.C.P.

Both convictions are for the sale of heroin. The appellant entered guilty pleas before the court and was assessed a punishment of twenty (20) years in each case. He now advances the ground of error that the offenses are barred by the statute of limitations. It is his claim that while there were valid indictments pending when the indictments upon which the convictions were had for the same offenses were returned this did not toll the statute of limitations as it is only invalid pending indictments that will toll the statute of limitations under the

provisions of Article 12.05(c), Vernon's Ann. C.C.P.

The offenses were alleged to have occurred on June 8 and June 9, 1971. It appears from the record that the first indictments were returned on January 26, 1972. On February 19, 1975 the second indictments were returned. Each of the second indictments, in addition to the primary offense, alleged two prior convictions for enhanced punishment. Each of the second indictments contained a fourth paragraph reading:

"And the Grand Jurors aforesaid do further present that on or about the 19th day of January, A.D., 1972,[1] the Grand Jury for the County of Bexar, San Antonio, Texas, returned an indictment against the said Fred C. Vasquez, charging him with the offense hereinbefore charged in this indictment and said indictment was pending in a district court of Bexar County at the time of the return of this indictment . . . ."

On March 3, 1975, the State moved in separate motions to dismiss the first indictments on the grounds they were "faulty" and that new indictments had been returned. The trial court approved both motions although they did not describe just how the indictments were "faulty."

On April 4, 1975, the appellant filed motions to dismiss the second indictments alleging that the offenses occurred on June 8 and June 9, 1971, and that such indictments had not been returned until February 19, 1975 and that prosecution on the indictments was barred by the three year statute of limitations. On July 24, 1975, appellant filed a "Special Plea in Bar" in each case urging the same matter and alleging that while there were intervening indictments for said offenses these were "valid" indictments and had not been "determined to be invalid" by any court and

that such intervening "valid" indictments did not toll the running of the applicable statute of limitations and the time of the pendency of the said indictment must be computed in the period of limitations. On July 28, 1975, the motion to dismiss and the special plea were overruled. On the same date appellant entered guilty pleas to the primary count in each indictment and the State waived and abandoned the prior convictions alleged for enhancement. Punishment was assessed as heretofore noted. Appellant subsequently filed motions in arrest of judgment on the same basis as the special plea. These motions were overruled and the appellant was sentenced in each case. Notice of appeal was given in each case.

■ At common law there was no limitation as to the time in which offenses may be prosecuted. White v. State, 4 Tex.App. 488 (1878); 22 C.J.S. Criminal Law § 223, p. 572; 21 Am.Jur.2d, Criminal Law, § 154, p. 222. Thus in absence of a statute there is no period of limitation barring prosecution because of the lapse of time.

■ When enacted "[s]tatutes of limitation are construed as being acts of grace, and as a surrendering by the sovereign of its right to prosecute or of its right to prosecute at its discretion, and they are considered as equivalent to acts of amnesty." 22 C.J.S. Criminal Law § 223, pp. 573–574; 21 Am.Jur.2d, Criminal Law, § 154, p. 223.[2]

The State Constitution restricts the Legislature's enactment of limitation statutes to general laws. Texas Constitution, Article III, § 56. See also 16 Tex.Jur.2d, Criminal Law, § 109, p. 248. The Texas statutes of limitation pertaining to criminal prosecutions are found in Chapter 12 of the Code of Criminal Procedure. At the time of the alleged offenses and at the time the first indictments in the instant cases were re-

---

1. The original indictments are in the record and bear a file mark of January 26, 1972.

2. It is here observed that statutes of limitation being measures of public policy only are entirely subject to the will of the Legislature, and may be changed or repealed without violating

constitutional prohibitions against ex post facto laws in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitations. Hill v. State, 146 Tex.Cr. 333, 171 S.W.2d 880 (1943).

turned, there was no statute of limitations particularly pertaining to the offense of sale of heroin; therefore, the applicable statute was Article 12.04, Vernon's Ann.C.C.P., 1965, which read:

"An indictment for any other felony may be presented within three years from the commission of the offense, and not afterward; except murder, for which an indictment may be presented at any time."

Chapter 12 of the 1965 Code of Criminal Procedure consisting of Articles 12.01 to 12.09 was amended by Acts 1973, 63rd Leg., p. 975, ch. 399, § 2(B), effective January 1, 1974, to consist of Articles 12.01 to 12.07.

New Article 12.01 maintained the three year statute of limitations for all other felonies not specifically enumerated, which would include the sale of heroin.[3]

At the time of the alleged offense and time of the return of the first indictments Article 12.07, Vernon's Ann.C.C.P. (Absence from State and time of pendency of indictment, etc., not computed) was in effect. By virtue of 1973 amendments, Article 12.07, supra, became Article 12.05 unchanged except that the sections are enumerated as "(a), (b) and (c)" rather than by numerals.

Article 12.05 reads:

"(a) The time during which the accused is absent from the state shall not be computed in the period of limitation.

"(b) The time during the pendency of the indictment, information, or complaint shall not be computed in the period of limitation.

"(c) The term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction

thereof, determined to be invalid for any reason."[4]

It is appellant's contention that by virtue of Article 12.05(c) defining "during the pendency" only an *invalid* indictment will toll the statute of limitations. He calls attention to the first indictments found in the record and observes that the indictments were not only for the same offenses for which he was subsequently convicted upon the second indictments but that the first indictments are word for word like the primary offenses in the second indictments except that they were returned into different courts in different years. Appellant contends the first indictments were valid indictments despite the fact the State had them dismissed for being "faulty." There can be no question that the first indictments and the allegations as to the primary offenses in the second indictments are alike and are all valid indictments.

Only recently in *Ex parte Slavin*, 554 S.W.2d 691 (Tex.Cr.App.1977), this court held that an invalid indictment would toll the running of the statute of limitations. See and cf. *Hill v. State*, 146 Tex.Cr. 333, 171 S.W.2d 880 (1943), cert. den. 320 U.S. 806, 64 S.Ct. 72, 88 L.Ed. 487.

However, the question here presented of whether a valid indictment fails to toll the running of the statute of limitations in light of the language used in Article 12.-05(c), Vernon's Ann.C.C.P., appears to be a question of first impression.

"Ordinarily, under the various statutes, the finding of an indictment or the filing of an information is a sufficient commencement of a prosecution to prevent the running of the statute of limitations . . . ." 22 C.J.S. Criminal Law § 234, p. 607; *Barrera v. State*, 163 Tex.Cr. 132, 289 S.W.2d 285 (1956).

As stated in 21 Am.Jur.2d, § 161, pp. 228–229:

---

3. Article 12.01, Vernon's Ann.C.C.P., was again amended in 1975 (Acts 1975, 64th Leg., p. 478, ch. 203, § 5, effective Sept. 1, 1975), but such amendment is not here pertinent.

4. It appears that the definition of the term "during the pendency" was first added to Arti-

cle 183, Vernon's Ann.C.C.P., 1925, by Acts 1941, 47th Leg., p. 1335, ch. 603, § 1. Said Article 183 was the forerunner of Article 12.07, Vernon's Ann.C.C.P., 1965, and present Article 12.05, Vernon's Ann.C.C.P., and the contents of the statute have remained the same since 1941.

"Under statutes which merely require an indictment or information to be found or filed within a specified time after the commission of an offense, the finding of an indictment and its return by the grand jury or the filing of an information within the specified time prevent a bar of the prosecution, without regard to the time of trial, and though the cause may be continued from time to time indefinitely."

In *Carr v. State*, 36 Tex.Cr. 390, 37 S.W. 426 (1896), it was held that if an indictment or information has not been filed within the time specified in the statute of limitations, the statute operates as a bar; however, if the indictment or information has once been presented within the time set by the statute of limitations, the cause may be continued from time to time indefinitely. In *Carr* there was question as to the validity of the indictment.

In *Brown v. State*, 57 Tex.Cr. 570, 124 S.W. 101 (1909), it was held that where the prosecution was not barred when an original indictment which had been lost, as returned, a prosecution under a substitute indictment will not be barred, although substituted when prosecution would be barred under a new indictment.

■■■ It is clear from our statutory scheme for limitation of criminal prosecutions that the State must present indictments or file informations and complaints within certain specified time periods "and not afterward." If such action takes place within the time periods prescribed, then this portion of the law has been satisfied [5] and the statute of limitations will be tolled or interrupted as to any valid indictment, information or complaint.[6]

What if the indictment, information or complaint is presented or filed within the limitation period but is later discovered to be invalid? Does such invalid instrument toll the running of the statutes of limitation?

*Redfield v. State*, 24 Tex. 133 (1859), was decided when the Supreme Court of Texas still had criminal jurisdiction and it held that a defective indictment will not toll the running of the statute of limitations and that second indictment for the same offense returned after the reversal of the conviction based on the defective indictment would be barred by the statute of limitations.

"Generally, the return of an indictment or the filing of an information on which no valid conviction or judgment can be had will not, *in the absence of a statute expressly so providing,* operate to stop the running of the statute of limitations pending the return or filing of another indictment or information." 21 Am. Jur.2d, § 163, pp. 229–230. (Emphasis supplied.)

The same rule is also described in 22 C.J.S. Criminal Law § 237, p. 611:

"According to some authority, at least where the statute provides that an indictment must be found within a particular time, *in the absence of a statute saving such right to the state,* the running of the statute of limitations will not be interrupted or suspended by the return and pendency of an indictment upon which no valid conviction or judgment can be found. Where, however, the limitations statute simply provides that prosecutions must be begun within a certain time, when a case is recommitted to the grand jury and a new and valid indictment is returned, there is no break or intermis-

---

**5.** The burden of proof is always upon the State to show that the offense alleged was committed prior to the presentment or return of the indictment and within the period of limitation regardless of the date alleged. See, e. g., *Faulwell v. State*, 447 S.W.2d 940 (Tex.Cr.App. 1969). If the indictment on its face would show the offense is barred by limitations, then factors tolling the statute of limitations must be alleged and proved by the State. *Cooper v. State*, 527 S.W.2d 563 (Tex.Cr.App.1975).

**6.** A charging instrument filed after the period of limitations has expired is without the authority of the law. *Ex parte Hoard*, 63 Tex.Cr. 519, 140 S.W. 449 (1911); *Norman v. State*, 91 Tex.Cr. 486, 239 S.W. 976 (1922); *Ex parte Black*, 72 Tex.Cr. 442, 113 S.W. 534 (1908); *Dinklage v. State*, 135 Tex.Cr. 10, 117 S.W.2d 111 (1938).

sion of time in the prosecution of accused, and, if the first indictment was found within the statutory period, the case is not barred by the statute of limitations." (Emphasis supplied.)

It is obvious that it was because there was no statute providing that an invalid indictment would suspend or interrupt the running of the statutes of limitation that the amendment was added to Article 183, Vernon's Ann.C.C.P., 1925, in 1941, which provided that the time during the pendency of an indictment, information or complaint shall be computed in the period of limitation and defined "during the pendency." [7] See footnote # 4. Such amendment is now Article 12.05(c), upon which appellant relies.

 Although the Legislature passed such amendment so that invalid indictments would toll the running of the statute of limitations during their pendency, this did not mean, as appellant argues, that valid pending indictments do not toll the running of the statute of limitations. To so hold would be to reach an absurd result which surely the Legislature did not intend. To hold as appellant contends would mean that the prosecution of all pending *valid* indictments would be barred by the statute of limitations if the cases are not tried within the limitation period even if the delay is the fault of the defendant, his illness or his granted motions for continuance. This has never been the law and should not now be the law. It must be remembered that statutes of limitation are not to be confused with a speedy trial enactment.[8]

■ The statutes of limitation in Texas and authorities decided thereunder make

clear that the return of a valid indictment will toll the running of the limitation period. The provisions of Article 12.05(b) and (c), Vernon's Ann.C.C.P., were designed to overcome the rule that invalid indictments will not toll the running of the statutes of limitation in the absence of a statute so providing.

■ While the long delay without trial in the instant cases between the return of the first indictments and the return of the second indictments is not explained by this record, and while the facts of these cases are not exactly like any other we have found, we conclude the first indictments, be they "faulty" or valid, did toll the running of the statute of limitations in each case. Prosecution on the second indictments were not barred.

Appellant's contention is overruled.

We observe that judgments in both cases refer to the conviction as "Repeater." This is incorrect and is obviously a clerical error. The judgments are reformed to eliminate any reference to "Repeater."

As reformed, the judgments are affirmed.

---

7. It is interesting to note that § 3 of the Acts 1941, 47th Leg., p. 1335, ch. 603, amending said Article 183 reads:

"The fact that many indictments, informations, and complaints are now being held invalid because of procedural errors and defects in form that have nothing to do with the guilt or innocence of the persons charged, and persons guilty of capital, as well as other crimes, are going unpunished and will continue to do so under our present laws, creates an emergency and an imperative public necessity requiring that the Constitutional Rule providing that bills be read on three separate

days be suspended, and also that the Constitutional Rule which provides that laws shall not become effective until the expiration of ninety days after the adjournment of the session be suspended, and such Rules are hereby suspended, and this Act shall be in full force and effect from and after its passage, and it is so enacted."

8. A statute with respect to the speedy trial of an accused in a criminal case does not supersede a statute of limitations within a specified time. 22 C.J.S. Criminal Law § 224, p. 575; *People v. Di Franco,* 17 Misc.2d 177, 184 N.Y. S.2d 974.