In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-439 CR


____________________



EX PARTE MALCOLM ISLES MARTIN






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-040344-R






O P I N I O N


 Appellant, Malcolm Isles Martin, is charged with bail jumping. He filed a pretrial writ
of habeas corpus, claiming prosecution is barred by the statute of limitations. Martin asks
this court to reverse the trial court's order denying habeas corpus relief. We agree that
Martin is entitled to a writ of habeas corpus.

 Martin was charged by indictment on July 7, 2004, with the offense of bail jumping. 
The offense was alleged to have occurred on May 22, 2001. See Tex. Pen. Code Ann. §
38.10(f) (Vernon 2003). Martin was initially indicted for aggravated robbery on September
30, 1998 and the case was set for trial on May 21, 2001; Martin did not appear. (1) The
indictment on bail jumping is clearly outside the three-year statute of limitations for that
offense. See Tex. Code Crim. Proc. Ann. art. 12.01(6) (Vernon Supp. 2005).

 A pretrial writ of habeas corpus is the proper procedural vehicle to raise the contention
that the prosecution is barred by the statute of limitations. See Ex parte Tamez, 38 S.W.3d
159, 160 (Tex. Crim. App. 2001). In reviewing the charging instrument we look only to the
face of the pleading. Id. at 160-61. The State must allege facts showing the statute of
limitations has been tolled. Ex parte Dickerson, 549 S.W.2d 202, 203 (Tex. Crim. App.
1977). If the pleading, on its face, shows the offense charged is barred by limitations it is
appropriate to grant habeas corpus relief. Tamez, 38 S.W.3d at 160. 

 The State argues the statute of limitations was tolled during the time Martin was
absent from the state. In claiming the statute was tolled, the State relies solely upon the first
indictment for aggravated robbery. The State asserts that because Martin was accused of
aggravated robbery, he was "an accused" within the meaning of article 12.05(a) and the time
he was absent from the state is not computed in the period of limitation. (2) The State is asking
this court to interpret "the accused" to mean that if the person was accused of any offense the
statute of limitations was tolled - for any and every other offense. The State cites no
authority in support of its position except to argue that the cases cited by Martin, Ex parte
Matthews, 933 S.W.2d 134, 138 (Tex. Crim. App. 1996), and Ex parte Zain, 940 S.W.2d 253
(Tex. App.--San Antonio 1997, no pet.), do not require "the defendant to be accused of the
specific offense in the complained-of indictment." 

 Although that was not the issue before either court, we believe the Court of Criminal
Appeals in Matthews clearly never contemplated otherwise. The court noted:

 Statutes of limitation are acts of grace in that the sovereign surrenders its right
to prosecute (or its right to prosecute at its discretion); thus they are considered
to be equivalent to acts of amnesty. Vasquez v. State, 557 S.W.2d 779, at 781
(Tex.Cr.App.1977). Statutes of limitation are to be construed liberally in favor
of the accused; the burden is on the State to show the offense was committed
within the period of limitation. Vasquez v. State, supra, at 783; White v. The
State, 4 Tex.App. 488 (1878).


Ex parte Matthews, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996), overruled on other
grounds by Proctor v. State, 967 S.W.2d 840 (Tex. Crim. App. 1998). "There is no authority
in law to prosecute a citizen after the period of limitation has intervened. Vasquez v. State,
supra, at 783, n. 6; Ex Parte Hoard, 63 Tex.Cr.R. 519, 140 S.W. 449, at 451 (1911)." Id. at
137.

 In Matthews, 933 S.W.2d at 138, the Court of Criminal Appeals determined "a person
is 'accused' from the time any 'criminal action' is commenced against him." As the court
had previously written, "[i]t is clear from our statutory scheme for limitation of criminal
prosecutions that the State must present indictments or file informations and complaints
within certain specified time periods 'and not afterward.'" Vasquez v. State, 557 S.W.2d
779, 783 (Tex. Crim. App. 1977) (emphasis added).

 The Matthews court found that adopting the State's interpretation of "accused" to
mean the person now accused ". . . ignores both the language of Article 12.05(a) as well as
its predecessors and caselaw construing and applying them, and would defeat the beneficent
intent and studied purpose of statutes of limitation--essentially insisting that prosecutorial
authorities exercise all due diligence obtaining and presenting a formal accusation of an
offense against a person--ordinarily one who is already a criminally 'accused.'" Ex parte
Matthews, 933 S.W.2d at 137. The court further noted that "[t]he prosecution was free to toll
running of the statute of limitation by simply filing and pursuing pre-indictment whatever
accusatory pleading or paper it preferred for that purpose. Having failed to do so, the
prosecution allowed the applicable statute of limitation to run unabated. Appellant is entitled
to the amnesty granted by the Legislature to all citizens similarly situated." Id. at 138. The
court concluded, "[b]ecause it comports with legislative intent and purpose consistently
manifested and judicially implemented since at least 1857, we hold that Article 12.05(a)
operates to toll the statutory limitations period only when the citizen has been effectively
accused of an offense." Id. (emphasis added).

 The State's reliance upon "an offense" is misguided. Matthews also states "the intent
and purpose of statutes of limitation is to require that an accused be prosecuted on a charging
instrument filed within the period prescribed for the offense alleged." Id. at 136-37
(emphasis added). The purpose of the statutes of limitation would be wholly obviated by the
State's interpretation because it would allow any accusation to toll the statute of limitations
for any offense. 

 The more recent opinion by the Court of Criminal Appeals in Hernandez v. State, 127
S.W.3d 768 (Tex. Crim. App. 2004), is instructive on this point. In Hernandez the issue
before the court was whether article 12.05(b) of the Texas Code of Criminal Procedure,
supra, permits a previous indictment for a violation of one law to toll the statute of
limitations for violation of a different law. Id. at 768-69. The court held a prior indictment
on one offense does not toll the limitations period on another offense, unless it charges the
same conduct, act, or transaction. Id. at 774. The court noted that "[i]f we were to read 'an
indictment' to mean any indictment for any unrelated offense, then a person could be
continually indicted for any offense that the State felt inclined to charge once an initial
indictment was filed. This application would defeat the purpose of the statute of limitations,
which requires the State to exercise due diligence in obtaining and presenting a formal
accusation of an offense against a person." Id. at 772. Reading "the accused" to mean "an
accused" as the State requests would produce the same undesirable result. 

 The aggravated robbery alleged to have occurred sometime before September 30,
1998, is obviously not the same conduct as jumping bail; the factual basis is clearly not the
same for the two indictments. Id. at 773. Therefore, the indictment for aggravated robbery
did not toll the statute of limitations. See Tex. Code Crim. Proc. Ann. art. 12.05(b)
(Vernon 1977). 

 There is no evidence in the record Martin was charged with any conduct or act that
would constitute the offense of bail jumping before the limitations period had expired. See
also State v. Shastid, 940 S.W.2d 405 (Tex. App.--Fort Worth 1997, no pet.); Ex parte Zain,
940 S.W.2d at 253. 

 Accordingly, the order denying habeas corpus relief is reversed and the indictment
returned in cause number B-040344-R is dismissed.

 REVERSED.

 ________________________________

 CHARLES KREGER

 Justice


Submitted on March 3, 2005 

Opinion Delivered March 9, 2005

Publish


Before McKeithen, C.J., Kreger, and Horton, JJ.

1. Although the record on appeal does not reflect these facts, they are asserted in both
appellant's and the State's brief.
2. Art. 12.05. Absence from State and time of pendency of indictment, etc., not
computed


 (a) The time during which the accused is absent from the state shall not be computed
in the period of limitation.


 (b) The time during the pendency of an indictment, information, or complaint shall
not be computed in the period of limitation.


 (c) The term "during the pendency," as used herein, means that period of time
beginning with the day the indictment, information, or complaint is filed in a court of
competent jurisdiction, and ending with the day such accusation is, by an order of a trial
court having jurisdiction thereof, determined to be invalid for any reason.


Tex. Code Crim. Proc. Ann. art. 12.05 (Vernon 1977).