PD-1528-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/23/2015 2:29:06 PM
Accepted 11/24/2015 11:46:27 AM
ABEL ACOSTA
CLERK

No. _____

## IN THE COURT OF CRIMINAL APPEALS

## FREDERICK DESHUN LEE v. THE STATE OF TEXAS

On Petition for Discretionary Review from
Appeal No. 12-15-00183-CR
in the Court of Appeals, Twelfth District, at Tyler

Trial Court Cause No. 31727 (Counts I and II)
3rd Judicial District Court
Anderson County, Texas
Hon. Pam Foster Fletcher, Judge Presiding

## PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

November 24, 2015

ABEL ACOSTA, CLERK

State Counsel for Offenders
Appellate Section

Nicholas Mensch
State Bar of Texas No. 24070262
P. O. Box 4005
Huntsville, TX  77342
(936) 437-5252
(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

Attorney for Petitioner

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**PETITIONER:**
Frederick Deshun Lee, TDCJ# 1645475

**TRIAL AND APPELLATE COUNSEL FOR PETITIONER:**
Nicholas Mensch
State Bar of Texas No. 24070262
State Counsel for Offenders
P.O. Box 4005; Huntsville, Texas 77342
(936) 437-5252/(936) 437-5279 fax

**RESPONDENT:**
The State Of Texas

**TRIAL COUNSEL FOR RESPONDENT**
Cindy Garner
State Bar of Texas No. 07673100
Special Prosecution Unit
500 South Seventh Street; Crockett, Texas 75835
(936) 545-5297

**APPELLATE COUNSEL FOR RESPONDENT:**
Melinda Mayo Fletcher
State Bar of Texas No. 18403630
Special Prosecution Unit
P.O. Box 1744; Amarillo, Texas 79105
(806) 367-9407/(866) 923-9253 fax

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................ ii

Index of Authorities ........................................................................................... iv

Statement Regarding Oral Argument ..................................................................... 1

Statement of the Case........................................................................................... 1

Statement of Procedural History............................................................................ 2

Ground for Review................................................................................................ 2

       Whether the primary crime for Aggravated Assault on a Public
       Servant should be misdemeanor assault instead of felony assault,
       thus making the applicable statute of limitations two years? ................... 4

Statement of Facts............................................................................................... 3

Argument............................................................................................................ 4

Prayer for Relief................................................................................................ 11

Certificate of Compliance .................................................................................. 12

Certificate of Service ........................................................................................ 12

Appendix

# INDEX OF AUTHORITIES

**Cases**

*Boykin v. State*,
 818 S.W.2d 782 (Tex. Crim. App. 1991) ........................................................7

*Clinton v. State*,
 354 S.W.3d  (Tex. Crim. App. 2011) ............................................................7

*Ex parte Keller*
 173 S.W.3d 492 (Tex. Crim. App. 2005) ..................................................... 7-8

*Ex parte Rieck*,
 144 S.W.3d 510 (Tex. Crim. App. 2004) ......................................................8

*Fantich v. State*,
 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.)....................................2, 6

*Gallardo v. State*,
 768 S.W.2d 875 (Tex. App.—San Antonio 1989. pet. ref'd) .........................5

*Henson v. State*,
 No. 05-97-01894-CR, 2000 Tex. App. LEXIS 5273 (Tex. App.—Dallas
 2000, pet. ref'd) ......................................................................................... 8-9

*Hernandez v. State*,
 127 S.W.3d 768 (Tex. Crim. App. 2004) ......................................................5

*Ibarra v. State*,
 11 S.W.3d 189 (Tex. Crim. App. 1999) ........................................................5

*Lee v. State*,
 No. 12-15-00183-CR, 2015 Tex. App. LEXIS 11680 (Tex. App.—Tyler
 November 12, 2015, pet. filed)..................................................................1, 2

*Rushing v. State*,
 353 S.W.3d 863 (Tex. Crim. App. 2011) ......................................................7

*State v. Bennett*,
 415 S.W.3d 867 (Tex. Crim. App. 2013) ....................................................4, 8

*State v. Schunior*,
   No. 04-14-00347-CR, 2015 Tex. App. LEXIS 3898 (Tex. App.—San
   Antonio 2015, pet. filed)................................................................................1

*Vasquez v. State*,
   557 S.W.2d 779 (Tex. Crim. App. 1977) .................................................. 5, 11

*White v. State*,
   61 S.W.3d 424 (Tex. Crim. App. 2001) .......................................................7

**Statutes**

Texas Code of Criminal Procedure art. 12.01 ........................................................5

Texas Code of Criminal Procedure art. 12.01(1)-(6).............................................5

Texas Code of Criminal Procedure art. 12.01(7) ........................................... 4, 5, 6

Texas Code of Criminal Procedure art. 12.02(a) ...................................................9

Texas Code of Criminal Procedure art. 12.03(d) ........................................... *passim*

Texas Code of Criminal Procedure art. 21.02(6) ...................................................5

Texas Code of Criminal Procedure art. 42.08(b) ...................................................4

Texas Government Code § 311.011(a)....................................................................7

Texas Government Code § 311.011(b)....................................................................8

Texas Government Code § 311.021.........................................................................7

Texas Penal Code § 22.01(a) ........................................................................... 6, 7, 9

Texas Penal Code § 22.01(b) ..................................................................................6

Texas Penal Code § 22.02.................................................................................6, 9

**Treatises**

MERRIAM-WEBSTER COLLEGIATE DICTIONARY (11th ed.) ..........................................9

Frederick Deshun Lee petitions this Court to review the Twelfth Court of Appeals' opinion and judgment affirming the trial court's judgment:

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested. This Court has granted the State's Petition for Discretionary Review in *State v. Schunior*, No. 04-14-00347-CR, 2015 Tex. App. LEXIS 3989 at ** 3 (Tex. App.—San Antonio 2015, pet. granted, No. PD-0526-15) but did not permit oral argument. *Schunior* also involves the determination of what the applicable statute of limitations for aggravated assault related offenses is.

## STATEMENT OF THE CASE

On April 24, 2014 an Anderson County grand jury returned an indictment charging Petitioner with two counts of Aggravated Assault of a Public Servant alleged to have occurred on or about February 29, 2012. (C.R. at 6-7). On June 5, 2015, Petitioner pled guilty to both counts as charged in the indictment pursuant to a plea bargain agreement and the trial court assessed his punishment at 17 years' confinement in the Texas Department of Criminal Justice ("TDCJ") for each count. (3 R.R. at 21, C.R. at 99-109). The Twelfth Court of Appeals affirmed the trial court's denial of his motion to set aside the indictment that claimed the applicable statute of limitations for aggravated assault of a public servant was two years. *Lee v. State*, No. 12-15-00183-CR, 2015 Tex. App. LEXIS 11680 (Tex. App.—Tyler

1

November 12, 2015, pet. filed) (not designated for publication). This Court should grant review as the Twelfth Court of Appeals has decided an issue of state law that has not been settled by this Court. See Tex. R. App. 66.3(b).

## STATEMENT OF PROCEDURAL HISTORY

The Twelfth Court of Appeals affirmed the trial court's denial of Petitioner's motion to set aside the indictment that claimed the applicable statute of limitations for aggravated assault of a public servant was two years. *Lee v. State*, No. 12-15-00183-CR, 2015 Tex. App. LEXIS 11680 (Tex. App.—Tyler November 12, 2015, pet. filed) (not designated for publication).[1] Relying upon their own decision in *Fantich v. Texas*, 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.), the Court of Appeals held that the applicable statute of limitations for Aggravated Assault on a Public Servant was three years as the primary crime of assaulting a public servant is a felony. (see Appendix). No motion for rehearing was filed.

## GROUND FOR REVIEW

Whether the primary crime for Aggravated Assault on a Public Servant should be misdemeanor assault instead of felony assault, thus making the applicable statute of limitations two years?

---

[1]     The panel that decided this case was composed of, Worthen, CJ., Hoyle and Neely, JJ., with Justice Hoyle signing the *Memorandum Opinion*.

# STATEMENT OF FACTS

On April 24, 2014 an Anderson County grand jury returned an indictment charging Petitioner with two counts of Aggravated Assault of a Public Servant under Tex. Pen. Code § 22.02 alleged to have occurred on or about February 29, 2012. (C.R. at 6-7). Specifically, the indictment alleged that on or about February 29, 2012, in Anderson County, Texas, Petitioner:

> (Count One): intentionally, knowingly, or recklessly cause bodily injury to Thomas Lobasso by stabbing him in the hand and/or wrist, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Thomas Lobasso was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

> (Count Two): intentionally, knowingly, or recklessly cause bodily injury to Derek Wooldridge by stabbing him in the arm, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Derek Wooldridge was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Derek Wooldridge was then and there lawfully discharging an official duty, to wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

On March 31, 2015, the trial court heard Petitioner's Motion to Set Aside the Indictment that alleged that the applicable statute of limitations was two years. (2 R.R. at 7-10, C.R. at 74-76) After hearing arguments from both the Petitioner and

the State, the trial court denied the motion. (2 R.R. at 10). Thereafter, on June 5, 2015, Petitioner pled guilty to both counts as charged in the indictment pursuant to a plea bargain agreement and the trial court assessed his punishment at 17 years' confinement in the Texas Department of Criminal Justice ("TDCJ") for each count. (3 R.R. at 21, C.R. at 99-109). Pursuant to Tex. Code Crim. Proc. Art. 42.08(b), the sentences were cumulated on Petitioner's conviction for Harassment in Cause No. 30,830 out of the 3rd District Court of Anderson County. (C.R. at 105-108).

## ARGUMENT

**Whether the primary crime for Aggravated Assault on a Public Servant should be misdemeanor assault instead of felony assault, thus making the applicable statute of limitations two years?**

In 2013, this Court issued an opinion in *State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013). Although this Court found that Mr. Bennett's trial counsel was not ineffective for failing to assert a statute of limitations violation, this Court did acknowledge that Tex. Code Crim. Proc. Art. 12.01(7) could operate to the make statute of limitations for aggravated assault only two years and stated "[T]he law is, at best, unsettled as to whether the two-year statute of limitations applies to aggravated assault…". *Id*. at 869.

"The enactments of statues of limitations protect the accused from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the dangers of official

4

punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." *Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004). See also *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999). A statute of limitations is construed strictly against the State and liberally in favor of the defendant. *Gallardo v. State*, 768 S.W. 2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd). In other words, the burden of proof is on the State to show that the offense alleged was committed prior indictment and within the applicable statute of limitations. *Vasquez v. State*, 557 S.W.2d 779 (Tex. Crim. App. 1977). The indictment must show on its face that the prosecution is not barred by limitations. Tex. Code of Crim. Proc. Art. 21.02(6).

Article 12.01 of the Texas Code of Criminal Procedure is the principal statute for identifying the statute of limitation applicable to a given felony offense. Article 12.01 begins by stating "[e]xcept as provided in Article 12.03" and categorizes the limitations period by first identifying specific limitation periods for specific offenses. See Tex. Code of Crim. Proc. Art. 12.01(1)-(6). Subsection (7) states the limitations period for "all other felonies" is three years. Aggravated Assault is not identified in Subsections (1)-(6), but is subject to the "except as provided" language of Article 12.03. Tex. Code Crim. Proc. Art. 12.03(d) provides

5

that "[e]xcept as otherwise provided by this chapter, any offense that bears the title aggravated shall carry the same limitation period as the primary crime."

In *Fantich v. Texas*, 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.), the Twelfth Court of Appeals examined the issue of what is the statute of limitations for aggravated assault, specifically, the question of "whether the limitation period for the offense of aggravated assault is two or three years." *Id.* at 288-289. The Court answered this question by examining Tex. Code of Crim. Proc. Art. 12.01(7) and 12.03(d). *Id.* at 290. The Twelfth Court of Appeals held that because Section 22.01 has different classifications, misdemeanors and felony assaults, the applicable statute of limitations depends on what classification the assault is. *Id.* If it is a felony assault, then the statute of limitations is three years. *Id.*, see also Tex. Pen. Code § 22.01(b). If it is a misdemeanor assault, then the applicable statute of limitations is two years. *Id.*, see also Tex. Pen. Code 22.01(a). According to the Court, "either misdemeanor or felony assault can be the 'primary crime' for aggravated assault." *Id.*

Petitioner was charged and convicted of two counts of aggravated assault of a public servant under Tex. Pen. Code § 22.02 alleged to have occurred on or about February 29, 2012. (C.R. at 6-7). Under the Twelfth Court's analysis in *Fantich*, Petitioner would be out of luck as the primary offense would be the felony assault of a public servant. Tex. Pen. Code § 22.01(b). Petitioner; however, contends that

"primary offense" under Tex. Code of Crim. Proc. Art. 12.03(d) should mean "most important[,] most basic or essential,[or] happening or coming first[.]" Based upon this definition, the primary offense would in this case be misdemeanor assault under Tex. Pen. Code § 22.01(a). Thus, the applicable statute of limitations is two years.

"[C]ourts are required to construe a statute in accordance with the plain meaning of its literal text unless the language of the statue is ambiguous or the plain meaning leads to an absurd result." *White v. State,* 61 S.W.3d 424, 428 (Tex. Crim. App. 2001), citing *Boykin v. State,* 818 S.W.2d 782 (Tex. Crim. App. 1991). "To determine the plain meaning of a statute, [a court applies] the canons of construction." *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011), citing to *Rushing v. State*, 353 S.W.3d 863, 865 (Tex. Crim. App. 2011).[2] A Court looks at the "collective' intent or purpose of the legislators who enacted the legislation." *Id*., citing *Boykin*, 818 S.W.2d at 785. "Words or phrases shall be read in context and construed according to the rule of grammar and common usage." Tex. Gov't Code § 311.011(a). "Moreover, 'words or phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.'" *Ex parte Keller*, 173 S.W.3d 492, 499 (Tex.

---

[2] See Tex. Gov't Code § 311.021. "In enacting a statute, it is presumed that: (1) compliance with the constitution of this state and the United States is intended; (2) the entire statute is intended to be effective; (3) a just and reasonable result is intended; (4) a result of feasible execution is intended; and (5) public interest is favored over any private interest."

Crim. App. 2005) (Keller, P.J., dissenting), citing to *Ex parte Rieck*, 144 S.W.3d 510, 512 (Tex. Crim. App. 2004) and Tex. Gov't Code § 311.011(b). "When determining the fair, objective meaning of an undefined statutory term, [a] Court may consult standard dictionaries." *Id*. Tex. Code of Crim. Proc. Art. 12.03(d) provides:

> Except as otherwise provided by this chapter, any offense that bears the title "aggravated" shall carry the same limitation period as the primary crime.

The term "primary crime" is not defined by Tex. Code of Crim. Proc. Art. 12.03(d). Petitioner contends that "primary crime" cannot simply refer to whatever offense matches the title of the instant offense minus the word "aggravated," or even if the assault minus the term aggravated is a felony or misdemeanor, not only because the statute nowhere so states, but also because there exists at least one offense with no such primary crime – aggravated promotion of prostitution. For example, though titled "aggravated" in conformity with the requirements of Tex. Code of Crim. Proc. Art. 12.03(d), the aggravated promotion of prostitution does not explicitly incorporate the crime of promotion of prostitution by its Penal Code section." *Bennett*, 415 S.W.3d at 873, fn. 42. Thus, it is uncertain what "primary crime" means as to that offense. *Id*. Since there are zero primary crimes, that offense is not controlled by Tex. Code of Crim. Proc. Art. 12.03(d). *Henson v. State*, No. 05-97-01894-CR, 2000 Tex. App. LEXIS 5273 (Tex. App.—Dallas

8

2000, pet. ref'd) (not designated for publication). Based on this example, determining the applicable statute of limitations based on whether the assault, minus the term aggravated, is a felony or misdemeanor, or if it is an aggravated form, does not settle what exactly the "primary crime" is.

Again, the term "primary crime" is not defined by Tex. Code of Crim. Proc. Art. 12.03(d). "Primary," as in "primary crime," is defined as "most important[,] most basic or essential,[or] happening or coming first[.]" MERRIAM-WEBSTER COLLEGIATE DICTIONARY (11ᵗʰ ed.).[3] In this case, the two counts of the indictment provided:

> (Count One): **intentionally, knowingly, or recklessly cause bodily injury to Thomas Lobasso by stabbing him in the hand and/or wrist**, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Thomas Lobasso was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

> (Count Two): **intentionally, knowingly, or recklessly cause bodily injury to Derek Wooldridge by stabbing him in the arm**, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Derek Wooldridge was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Derek Wooldridge was then and there lawfully discharging an official duty, to wit:

---

[3] Available at http://www.merriam-webster.com/dictionary/primary (last accessed November 22, 2015).

supervising individuals in the custody of the Texas Department of Criminal Justice.

(emphasis added)

The elements of the offense of aggravated assault on a public servant are:

(1) intentionally, knowingly, or recklessly causes bodily injury to another;
(2) the actor knew that the person he assaulted was a public servant;
(3) the person assaulted was discharging official duties at the time of the assault;
(4) the person assaulted was lawfully discharging official duties; and
(5) uses or exhibits a deadly weapon during the commission of the assault.

Tex. Pen. Code § 22.02.

Listing the elements of the offense clearly shows that the most important or most basic element or essential element of aggravated assault on a public servant is still intentionally, knowingly, or recklessly causes bodily injury to another person. In other words, it is the primary offense that underlies Petitioner's conviction for aggravated assault on a public servant. It is the foundation, the most important and basic element in the offense. Without the actual assault, there would be no charge. See Tex. Pen. Code § 22.02. This "primary offense" would then be misdemeanor assault. See Tex. Pen. Code § 22.01(a). Thus, the applicable statute of limitations would be two years in this case. See Tex. Code of Crim. Proc. Art. 12.02(a).

The State filed the indictment in this case on April 24, 2014 charging Petitioner with two counts of Aggravated Assault of a Public Servant alleged to

10

have occurred on or about February 29, 2012. This is clearly over the two year statute of limitations that should be applied to this offense. A charging instrument filed after the period of limitations is without authority of law. *Vasquez*, 557 S.W.2d 783 fn. 6. The conviction against Petitioner should be dismissed.

## **PRAYER**

Wherefore, Petitioner prays that this Court grant this petition, set his case for submission, and reverse the Twelfth Court of Appeal's judgment, and render judgment in Petitioner's favor as the applicable statute of limitations has run. Petitioner also prays for such other relief that this Court may deem appropriate.

Respectfully submitted,

State Counsel for Offenders
Attorney for Petitioner

/s/ Nicholas Mensch
Nicholas Mensch
State Bar of Texas No. 24070262
P. O. Box 4005
Huntsville, TX 77342
(936) 437-5252
(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

11

**CERTIFICATE OF COMPLIANCE**

In accordance with Rule 9.4, Rules of Appellate Procedure, I certify that this computer-generated document complies with the typeface requirements of Rule 9.4(e) and is comprised of 2,224 words (excluding the items exempted in Rule 9.4(i)(1)).

/s/ Nicholas Mensch
Nicholas Mensch

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing *Petition for Discretionary Review* was served upon opposing counsel noted below, by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), on this 23rd day of November, 2015.

Melinda Fletcher
Special Prosecution Unit
P. O. Box 1744
Amarillo, TX 79105
Telephone no. 806-367-9407
Facsimile no. 866-923-9253
E-mail address: mfletcher@sputexas.org

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711
E-mail address: information@spa.texas.gov

/s/ Nicholas Mensch
Nicholas Mensch

No. _____

---

IN THE COURT OF CRIMINAL APPEALS

---

FREDERICK DESHUN LEE v. THE STATE OF TEXAS

---

On Petition for Discretionary Review from
Appeal No. 12-15-00183-CR
in the Court of Appeals, Twelfth District, at Tyler

Trial Court Cause No. 31727 (Counts I and II)
3rd Judicial District Court
Anderson County, Texas
Hon. Pam Foster Fletcher, Judge Presiding

---

**APPENDIX**

---

Twelfth Court of Appeals Memorandum Opinion ......................................Exhibit A

Twelfth Court of Appeals Memorandum Opinion .......................................Exhibit A

# NO. 12-15-00183-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDERICK DESHUN LEE,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Frederick Deshun Lee appeals his convictions for two counts of aggravated assault on a public servant, for which he was sentenced to imprisonment for seventeen years for each offense. In one issue, Appellant argues that the trial court erred by refusing to set aside the indictment. We affirm.

## BACKGROUND

Appellant was charged by indictment with two counts of aggravated assault on a public servant. Appellant moved to set aside the indictment, arguing that the two year statute of limitations had run. Following a hearing on Appellant's motion, the trial court overruled it. Thereafter, Appellant pleaded "guilty" as charged, and the trial court sentenced him to imprisonment for seventeen years for each offense. This appeal followed.

## STATUTE OF LIMITATIONS

In his sole issue, Appellant argues that the trial court erred by refusing to set aside the indictment because the two year statute of limitations had run. His argument focuses on the construction of Texas Code of Criminal Procedure, Article 12.03.

**Standard of Review and Governing Law**

Statutory construction is a question of law subject to de novo review. *See Krause v. State*, 405 S.W.3d 82, 85 (Tex. Crim. App. 2013). When interpreting the meaning of a statute, we seek to effectuate the collective intent of the legislators who enacted the legislation. *See id.*; *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). To determine collective intent, we first look to the literal text, which provides the best means to determine the fair, objective meaning of that text at the time of its enactment. *See Clinton*, 354 S.W.3d at 800.

Unless the statutory language is ambiguous or application of the statute's plain meaning would cause an absurd result, we do not consider extratextual factors. *See id.* We determine a statute's plain meaning by applying the canons of construction, which include a list of presumptions regarding legislative intent. *Id.* (citations omitted); *see also* TEX. GOV'T CODE ANN. § 311.021 (West 2013). It is presumed that (1) compliance with the constitutions of this state and the United States is intended; (2) the entire statute is intended to be effective; (3) a just and reasonable result is intended; (4) a result feasible of execution is intended; and (5) public interest is favored over any private interest. *Id.* § 311.021; *Clinton*, 354 S.W.3d at 800.

Texas Code of Criminal Procedure, Article 12.01 is the primary statute for determining the limitation period for felony indictments. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01 (West Supp. 2014). Article 12.01 categorizes the limitation period for felony offenses, which ranges from "no limitation" to three years. *See id.* It also expressly subjects itself to any limitations that may be provided for in Article 12.03. *See id.* Subsections (1) through (6) set the limitation period for specific felony offenses. *See id.* art. 12.01(1)–(6). Subsection (7) provides that the limitation period for "all other felonies" is "three years from the date of the commission of the offense." *See id.* art. 12.01(7). Aggravated assault is not enumerated in subsections (1) through (6), but this does not automatically trigger application of subsection (7) because of the statute's prior reference to Article 12.03. *See id.*

Article 12.03 provides the framework for determining the limitation period for attempt, conspiracy, solicitation, organized criminal activity, and aggravated offenses not enumerated in Article 12.01. *See* TEX. CODE CRIM. PROC. ANN. art. 12.03 (West 2005). Article 12.03(d) provides that "[e]xcept as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." *Id.* art. 12.03(d). Because

2

aggravated assault is not enumerated in Article 12.01, we apply the language in Article 12.03(d) to determine the limitation period for the offense alleged in this case. *See id*. arts. 12.01, 12.03(d).

### *Fantich v. State*

We recently addressed the question of the applicable statute of limitations in an aggravated assault case in *Fantich v. State*, 420 S.W.3d 287 (Tex. App.–Tyler 2013, no pet.). In that case, we concluded that Articles 12.01 and 12.03 are not ambiguous and applied their plain meaning to determine the limitation period for criminal conspiracy to commit aggravated assault. *See id*. at 290. In construing the language of the indictment, we explained that it alleged aggravated assault because it alleged "bodily injury requiring hospitalization and the use of a deadly weapon." *Id*. (citing TEX. PENAL CODE ANN. § 22.02(a) (West 2011)). We also concluded that either misdemeanor or felony assault can be the "primary crime" for aggravated assaults. *See Fantich*, 420 S.W.3d at 290. And since the indictment in that case did not allege any other facts that would render the primary crime a felony assault under Section 22.01, the primary crime was a misdemeanor assault with a limitations period of two years. *See id*. at 291. However, in a footnote, we noted that an assault under Section 22.01 is a felony if committed against certain types of victims. *Id*. at 291 n.3 (citing TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2014) (assault is third degree felony if committed against public servant lawfully discharging official duty or in retaliation or on account of exercise of official power or duty)).

Appellant acknowledges our holding in *Fantich*, but he urges us to reconsider the decision. He suggests that the common meaning of the term "primary" is "most important[,] most basic or essential, [or] happening or coming first[.]" Thus, Appellant contends that we should conclude that the primary crime in this case is misdemeanor assault. Having considered Appellant's argument and our analysis in *Fantich*, we conclude that the analysis set forth in *Fantich* is sound and should be applied in this case.

### Limitations Period for Aggravated Assault on a Public Servant

In the instant case, Appellant was charged with aggravated assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b). Specifically, the indictment alleged that Appellant committed the offense as follows:

> COUNT ONE: intentionally, knowingly, or recklessly cause bodily injury to Thomas Lobasso by stabbing him in the hand and/or wrist, and the defendant did then and there use or

3

exhibit a deadly weapon, to-wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Thomas Lobasso was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to-wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

COUNT TWO: intentionally, knowingly, or recklessly cause bodily injury to Derek Woldridge by stabbing him in the arm, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Derek Woldridge was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to-wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

Here, much like in *Fantich*, the indictment alleges aggravated assault because it alleges that Appellant caused bodily injury requiring hospitalization and that he used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. 22.02(a). But unlike in *Fantich*, the indictment in the instant case alleges that Appellant committed these crimes against public servants who were each lawfully discharging an official duty. These additional allegations render the primary crime in this case a felony assault. *See* TEX. PENAL CODE ANN. 22.01(b)(1). Because the primary crime of the aggravated assaults in this case is a felony, the limitation period for the aggravated assaults alleged in the indictment is three years. *See* TEX. CODE CRIM. PROC. ANN. arts. 12.01(7), 12.03(d). For the reasons set forth in *Fantich*, we conclude that our construction of the pertinent statutes in this case does not lead to an absurd result. *See Fantich*, 420 S.W.3d at 291–93. Therefore, we hold that the trial court did not err in refusing to set aside the indictment. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered November 12, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 12, 2015**

**NO. 12-15-00183-CR**

**FREDERICK DESHUN LEE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31727)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*